## Goodman v. Schmidt, Appellant.

Argued January 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

524

*Raymond A. White, Jr.,* of *Sloan, White & Sloan,* for appellant.

*Howard R. Detweiler* and *Robert M. Bernstein,* for appellee, were not heard.

PER CURIAM, February 11, 1929:

In this action of trespass to recover damages for personal injuries, judgment was entered on a verdict for plaintiff and defendant has appealed. The sole question involved, stated by appellant, is as follows: "Can a verdict for plaintiff be sustained when the only evidence of negligence......consists of a set of facts which constitute a physical impossibility?" Of course, if this question really controlled the case, it would have to be answered in the negative; but a reading of the testimony convinces us that the court below correctly states, in its opinion, that the determination of the issues involved depended upon conflicting oral evidence, and that, giving to the plaintiff the benefit of every inference of fact from the evidence, which the jury might legitimately find, the verdict in his favor could not be disturbed. When the rule just stated is applied, as it must be, to the testimony presented by plaintiff and his witnesses, it cannot be said that he was plainly guilty of contrib-

utory negligence, as contended by defendant, or that the latter was not shown to be guilty of negligence. Appellant's argument that "the facts as presented by plaintiff's testimony are incredible" was no doubt presented to the jury, the proper body to pass upon that contention, but found against him; we are not impressed with his contention that "the verdict of the jury was capricious." In short, this case does not fall within the line of decisions suggested by appellant's statement of question involved, and, on the evidence, we see no reason to reverse the judgment.

The judgment is affirmed.